CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 9 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Criminal Action No. 7:10cr00067-1** |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| YOUSSEF HAFEZ ABDELBARY. | ) | **By: Samuel G. Wilson** |
| | ) | **United States District Judge** |

This matter is before the court on petitioner Youssef Hafez Abdelbary's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Upon review of his motion and the records in Abdelbary's criminal case, the court concludes that the motion must be dismissed without prejudice as premature because his direct appeal is still pending.

### I.

On September 7, 2011, after a jury trial, the court entered judgment convicting Abdelbary of five counts of structuring currency transactions, in violation of 31 U.S.C. § 5324(a), and three counts of bankruptcy fraud, in violation of 18 U.S.C. § 152(3). The court sentenced Abdelbary to a total term of 24 months incarceration. Thereafter, Abdelbary filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his appeal is still pending. See United States v. Abdelbary, No. 11-4910 (4th Cir. filed Nov. 18, 2010).

### II.

It is well established that, absent extraordinary circumstances, a federal district court should not consider a § 2255 motion while a petitioner's direct appeal is still pending. See Bowen v. Johnson, 306 U.S. 19, 26-27 (1939); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979);

United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981); United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); United States v. Tanner, 43 F. App'x 724, 725 (4th Cir. 2002) (unpublished). Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993); Davis, 604 F.2d at 485. In this case, Abdelbary does not allege any extraordinary circumstances warranting noncompliance with this general rule. Consequently, the court finds that Abdelbary's motion is premature.

### III.

For the reasons stated, the court dismisses Abdelbary's § 2255 motion without prejudice.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER:** This _19th_ day of March, 2012.

_____
United States District Judge